IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  04-CV-02630-EWN-OES

TRUSTEES OF THE COLORADO LABORERS' HEALTH AND WELFARE TRUST FUND and COLORADO LABORERS' HEALTH AND WELFARE TRUST FUND,

Plaintiffs,

v.

AMERICAN BENEFIT PLAN ADMINISTRATORS, INC.
Defendant.

STIPULATION AND PROTECTIVE ORDER

ORDER ENTERED BY U.S. MAGISTRATE JUDGE O. EDWARD SCHLATTER

The Parties hereby stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the  Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as herein defined), and, as grounds therefore, state as follows:

1. The Colorado Laborers Health and Welfare Trust Fund (the ?Plan?) is a self-funded medical benefits plan.  The Plan is governed by medical information privacy rules promulgated by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160 and 164 (the ?Privacy Rules?).  The Parties have served document requests on each other that call for the disclosure of Confidential Information (as defined herein) and the Defendant has served document subpoenas on certain non-parties who have in their possession information that is or may by protected by the Privacy Rules.  The Parties also anticipate seeking additional Confidential

Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties believe that the disclosure of such information outside the scope of this litigation could result in injury to one or more of the Parties? business or privacy interests, or the privacy interests of individuals who are not parties hereto but who are current or former participants in the Plan. .  The Parties have entered into this Stipulation and request the Court enter it as a Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. ?Confidential Information? means any document, file, portions of files, transcribed testimony, medical records, or other documents that contain Social Security numbers, medical information or other information that is protected by the Privacy Rules.  Any Party who has a reasonable belief that information disclosed subsequent to the date of this Order is within the definition of ?Confidential Information? shall label such information as ?Confidential.?  Information produced by third parties and information produced prior to the date of this Order shall be treated as Confidential Information if it meets the definition of Confidential Information contained in this paragraph.

3. All Confidential Information provided by a Party in response to a discovery request, by a non-party in response to a subpoena or other process, or by a Party in transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

  b. It shall not be communicated or disclosed by any Party?s counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case.

  c. At the conclusion of the captioned litigation and any and all appeals, Confidential Information in the possession of any Party shall be returned to the producing person or entity or promptly destroyed.

 5. The Parties shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless required to do so by force of law.

 6. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

 7. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in a manner consistent with D.C.Colo.LCivR 7.2 and 7.3.

 8. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

 9. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

10. Upon termination of this litigation, including any appeals, each Party?s counsel shall immediately destroy or return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, or copies made there from.

11. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 7TH day of July 2005.

BY THE COURT:

s/ O. Edward Schlatter

_____
U.S. Magistrate Judge O. Edward Schlatter

STIPULATED AND AGREED TO:
Parsons, Heizer, Paul LLP

s/Dean C. Heizer
_____
Dean C. Heizer
2401 15th Street, Suite 300
Denver, CO 80202
dheizer@phplawyers.com

HALL & EVANS, L.L.C.

/s Bruce A. Menk

_____
Bruce A. Menk
1125 17th Street, Suite 600
Denver, CO  80202
303-628-3300
menkb@hallevans.com