IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.      04-cv-02630-EWN-OES

TRUSTEES OF THE COLORADO LABORERS' HEALTH AND WELFARE TRUST
FUND and
COLORADO LABORERS' HEALTH AND WELFARE TRUST FUND,

Plaintiff(s),

vs.

AMERICAN BENEFIT PLAN ADMINISTRATORS, INC.;

Defendant(s).

ORDER

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  July 14, 2005

         Plaintiffs are the Trustees of the Colorado Laborers' Health and Welfare Trust

Fund ("the Trustees"), and the Colorado Laborers' Health and Welfare Trust Fund

("the Fund").  They have brought an action pursuant to ERISA (29 U.S.C. § 1001 *et*

*seq*.) in which they have asserted two claims for relief against defendant.  In the First

Claim, they allege that defendant breached its contractual obligation to provide

administrative services to the Fund, and in the Second Claim, they allege that

defendant breached its fiduciary duty under ERISA.

         Plaintiff has filed a motion in which it asks that I strike defendant's designation

of a non-party at fault.  Defendant has designated Compusys of Colorado as "wholly

or partially" at fault for losses caused by ABPA's alleged breaches of fiduciary duty

under ERISA.  Plaintiff argues that the comparative fault statute upon which defendant

relies (a) is not applicable to this case, but applies only to tort actions, and (b) is

preempted by ERISA.

The comparative fault statute is Colo.Rev.Stat § 13-21-111.5.  It states:

> In an action brought as a result of a death or an
> injury to person or properlty, no defendant shall be liable for
> an amount greater than that represented by the degree or
> percentage of the negligence or fault attributable to such
> defendant that produced the claimed injury, death,
> damage, or loss, except as provided in subsection (4) of
> this section.

Defendant argues that plaintiff is incorrect in its assertion that the statute "is

applicable only to actions in tort, and not to actions in contract."  Deft's Resp. at ¶ 4.

Quoting from an opinion authored by Judge Babcock of this district, defendant argues

as follows:

> The relevant subsection of the statute provides that: "(1) *In*
> *an action* brought as a result of a death or an injury to
> person or property. . . " § 13-21-111.5(1) (emphasis
> added).  [Quoting Judge Babcock,] "The word 'action'
> indicates that the statute is applicable to non-tort claims.
> The use of the generic 'action' is presumed purposeful,
> particularly because in another section of the same statute
> the legislature chose the words 'tortious act'."

Deft's Resp. at ¶ 4 (*quoting* Loughridge v. Goodyear Tire & Rubber Co., 207

F.Supp.2d 1187, 1190 (D.Colo. 2002).

## DISCUSSION

### 1.  Comparative fault statute in regard to a contract action.

Judge Babcock indeed used those words in his opinion.  Nevertheless, I

conclude that defendant is attempting to stretch the meanings of both the statute as

well as Judge Babcock's opinion beyond their obvious intents.

Judge Babcock's decision is concerned with whether the comparative fault statute may be applied to a products liability case.  He prefaces his opinion by stating:

> Heatway requests that I rule that Colorado's comparative fault statutes apply to Plaintiffs' breach of express warranty, breach of implied warranty, fraud, and Colorado Consumer Protection Act claims.  Goodyear and Plaintiffs admit that comparative fault concepts are applicable to all claims in tort, but not to claims based in contract.  They assert that the four claims addressed by Plaintiffs fall into the "contract" category.

Loughridge at 1189.

Starting from that stipulation between the parties, Judge Babcock observed that "[t]ort law is designed to protect citizens from the risk of physical harm to their persons or property, [and] [t]ort duties are imposed by law without regard to any agreement or contract between the parties."  Id.  Contract obligations, on the other hand, " arise from promises or agreements made between parties, [and] [c]ontract law is intended to enforce the expectancy interests created by the parties' promises so that the parties can allocate risks and costs while bargaining."  Id.  Judge Babcock concludes, "Thus, fault and comparative fault generally play no part in contract claims."  Id. (citing, e.g., Kransco v. Am. Empire Surplus Lines Ins. Co., 2 P.3d 1, 10 (Cal. 2000); Klingler Farms, Inc. v. Effingham Equity, Inc., 525 N.E.2d 1172, 1176 (Ill.App. 1988).

Judge Babcock also noted that "Colorado courts have generally referred to [the comparative fault] statute as one applying to tort actions."  Id. at 1190 (citing, e.g., Slack v. Farmers Ins. Exch., 5 P.3d 280, 282 (Colo. 2000) (interpreting the section to

mean that "a *tortfeasor* shall only be liable for damages to the extent of her negligence of fault") (emphasis added); <u>Perlmutter v. Blessing</u>, 706 P.2d 772, 775 n. 2 (Colo. 1985) (noting that reference to the phrase "injury or wrongful death" in the Uniform Contribution Among Tortfeasors Act, § § 13-50.5-101 to -106 refers to the consequences of a tortious acto or omission, such as wrongful death).

When Judge Babcock used the phrase quoted by defendant, that is, "[t]he word 'action' indicates that the statute is applicable to non-tort claims," Judge Babcock clearly intended only to mean that the comparative fault statute was also applicable to claims asserted in a products liability case, and he did not intend to mean that it was also applicable to all claims, including non-tort claims such as contract. Tort actions and product liability actions share common features, because, for example, both causes of actions are premised upon duties without regard to any contract or agreement, and both are "designed to protect citizens from the risk of physical harm to their persons or property." <u>Loughridge</u> at 1189. But, as Judge Babcock pointed out, contract actions are disputes that arise out of the parties' disagreements in regard to their respective promises or obligations, and not duties that are imposed by law.

In summary, I conclude that the comparative fault statute does not apply to claims that are premised upon contract.

## 2. Comparative fault statute in regard to ERISA.

Defendant also argues that ERISA does not preempt the remedies provided in the comparative fault statute because "the use of C.R.S. § 13-21-111.5 does not

directly conflict with the exclusive and comprehensive civil enforcement scheme

Congress implemented when it adopted Section 502 of ERISA, 29 U.S.C. § 1144."

Pltf's Resp. at 4. In defendant's view, "Section 405 of ERISA deals with liability for

breach by a co-fiduciary, whereas C.R.S. § 123-21-111.5 provides for pro rata liability

of defendants." Id.

I agree with the arguments of plaintiff. As plaintiff notes in its Reply:

> Sections 404 and 405 of ERISA, 29 U.S.C. § § 1104 and
> 1105, contemplate that fiduciaries have co-extensive
> obligations and share co-extensive responsibility for
> activities within their purview. A co-fiduciary may be jointly
> and severally liable for a breach committed by a co-
> fiduciary if he or she knowingly participates in or tries to
> conceal the act or omission of another fiduciary.

Pltf's Reply at 3 (*citing* 29 U.S.C. § 1105(a)).

In other words, in adopting the ERISA statute, Congress addressed the

question of the relative faults of co-fiduciaries. In so doing, Congress preempted any

statutes that would attempt to impose a different form of comparative fault in ERISA

cases. The uniformity of the federal regulatory provisions of ERISA would be

undermined if the liability, or proportional liability, of any defendant could only be

determined by reference to the various state statutes providing for comparative fault.

Indeed, some states may provide for comparative fault, while others do not, further

undermining the uniformity of the federal regulations.

Contrary to defendant's view, Colorado's comparative fault statute attempts to

regulate the fault of defendants in a manner that is different than what is provided in

the ERISA statute. To the extent that it is different, it is in conflict with ERISA, and is

therefore preempted.  <u>Ingersoll-Rand Co. v. McClendon</u>, 498 U.S. 133, 144 (1990).

In summary, I conclude that defendant may not designate a non-party at fault pursuant to Colorado's comparative fault statute, because ERISA preempts any statutes that attempt to regulate the comparative fault of defendants against whom ERISA complaints have been asserted.

## CONCLUSION

It is therefore ORDERED that Plaintiffs' Motion to Strike Designation of Potentially Liable Non-Party [filed June 14, 2005] is GRANTED, and defendant's designation of Compusys of Colorado as a potential non-party at fault is stricken.

Dated at Denver this day of July 14, 2005

BY THE COURT:


s/ O. Edward Schlatter
_____
O. Edward Schlatter
U.S. Magistrate Judge